UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA,

Plaintiff,

v.

SAMIR HANDAL,

Defendant.
_______________________________________/

**MOTION FOR RECOMMENDATION DIRECTING THE FEDERAL DETENTION CENTER – MIAMI TO PROVIDE NECESSARY MEDICAL CARE AND NON-PUNITIVE HOUSING TO DEFENDANT, SAMIR HANDAL**

The Defendant, SAMIR HANDAL, through undersigned counsel, respectfully requests that this Court enter an order directing that the Warden of the Federal Detention Center in Miami ("FDC-Miami") provide Mr. Handal with necessary medical care together with sanitary and appropriate housing. In support, Mr. Handal states as follows:

## INTRODUCTION

1. Mr. Handal was arrested on September 21, 2026. Prior to his arrest, undersigned counsel attempted to discuss a voluntary surrender. Like counsel before him, undersigned was only provided cryptic responses. On September 28, 2026, Mr. Handal was denied bond. (DE 2033).

2. Since his arrest, Mr. Handal has been held in the Special Housing Unit ("SHU") at the FDC-Miami. Mr. Handal's confinement in SHU is the direct result of the prosecutors' requests in this case to keep all of the defendants separated from one another and the potential witnesses in this case. Indeed, rather than confine convicted murder conspirators in SHU, the Government has elected, through its conduct, to confine the

defendants who all remain innocent under the law in SHU.

3. Mr. Handal is 68 years old and he suffers from several chronic medical conditions requiring continued treatment during detention. His medical records identify diagnosed conditions including longstanding epilepsy treated with levetiracetam (Keppra); severe obstructive sleep apnea treated with nightly a CPAP machine; chronic bronchitis and COPD treated with inhalers or nebulizers; urinary incontinence following prostate surgery (now requiring the daily use of diapers); and significant cervical and lumbar spinal stenosis, including cervical spinal-cord compression and lumbar nerve-root crowding. *See* medical records filed separately under seal. Significantly, Mr. Handal also suffers from wet macular degeneration in the left eye requiring recurring injections every two months, advanced dry macular degeneration with central atrophy in the right eye, and right-eye amblyopia (causing blindness). Unfortunately, Mr. Handal had a scheduled injection appointment last week for his left eye that he missed due to his incarceration. This significantly worsens his chances to save his sight in that eye. The FDC-Miami has been provided Mr. Handal's extensive medical records. Mr. Handal has only seen a doctor twice since his arrest. Both encounters were incomplete and woefully inadequate assessments of his health.

4. Against the background of Mr. Handal's serious medical conditions, counsel reports that during the last month that Mr. Handal has been detained in SHU, he has repeatedly missed Keppra doses, has received no CPAP (which isn't noted in his FDC-Miami medical records) or adequate diapers, has received no treatment for macular degeneration (which isn't noted in his FDC-Miami medical records), has been sleeping on the floor in SHU, and has continued wearing the same prison uniform since his arrival and has as the writing of this motion, been wearing the same diapers for the last five days.

These reported treatment gaps and housing conditions are the basis for the immediate relief requested.

5. Currently, the SHU at FDC-Miami is without access to sufficient hygiene, food, water, or his prescribed medicine. As of the writing of this motion, Mr. Handal has had no working shower for at least 10 days. As a result, he was directed to bathe using six bottles of water. He is also being provided stale food and food that does not comply with his dietary restrictions.

6. Given the foregoing, Mr. Handal respectfully requests that this Court conduct an immediate hearing concerning the medical treatment at the FDC-Miami, and issue a recommendation that he be provided with necessary medical care.

## I. <u>MR. HANDAL'S MEDICAL CONDITIONS</u>

### A. Mr. Handal's Seizure Disorder

Medical records indicate a longstanding seizure disorder treated with levetiracetam, also known as Keppra. Mr. Handal requires administration of Keppra twice a day as this prescribed regimen has avoided further seizures. It is well known that stress prompts seizures in the epileptic. Despite this, Keppra has not been provided to Mr. Handal on multiple occasions since his incarceration in SHU.

### B. Severe Sleep Apnea and COPD

Mr. Handal suffers from severe obstructive sleep apnea. At an August 19, 2026, pulmonary visit, Mr. Handal reported benefit from CPAP with nasal pillows and use for up to eight hours nightly. Mr. Handal also suffers from chronic bronchitis and COPD, cough and shortness of breath treated with inhalers or nebulizers, and mild obstructive and restrictive lung impairment.

Counsel reports that no CPAP has been made available during approximately three

weeks in custody because his housing lacks an electrical outlet to operate the device. It is unclear whether a device is even available for Mr. Handal to use at the FDC-Miami as required. Mr. Handal requests prompt verification of his settings and prescription, a functioning device and necessary supplies, and housing that permits safe overnight use. If the SHU cannot accommodate prescribed therapy, he requests medically appropriate alternative housing. A clinician should also review his COPD regimen and access to any prescribed inhalers or nebulizers. Finally, and to the extent the diagnosis is omitted from BOP medical records, this motion assumes those medications have also been withheld.

**C. Retinal Disease and Treatment Coordination**

Mr. Handal suffers from wet macular degeneration in the left eye treated with repeated injections, advanced dry macular degeneration with central atrophy in the right eye, and right-eye amblyopia. At a January 21, 2026, eye doctor visit, a left-eye Avastin injection was administered, and follow-up was planned in 12 weeks. The medical records emailed by counsel to the FDC legal liaison clearly indicate the need for an eye injection at Bascom Palmer at least every two months. Yet, BOP medical records failed to note that Mr. Handal even suffers from macular degeneration to begin with.

**D. Spinal Disease and Sleeping Arrangements**

Mr. Handal suffers from cervical stenosis with spinal-cord compression. Mr. Handal was immediately placed in SHU upon his arrest and arrival at the FDC-Miami and has been forced to sleep on the floor due to having a cell mate in the SHU that has similar medical issues as Mr. Handal. Mr. Handal requests an actual bed or bunk, a suitable mattress and bedding, and assessment for a lower-bunk assignment.

**E. Urinary Incontinence and Hygiene**

Mr. Handal underwent radical prostatectomy and pelvic lymph-node dissection on

October 8, 2025. Post surgery, Mr. Handal required approximately three diaper changes daily in January 2026. He currently requires diaper changes twice a day. Since Mr. Handal's arrest, he is not being supplied with diapers that fit. Instead, he was provided with children's diapers that do not fit. Despite bringing it to the attention of officers, he has not been provided with adequate diapers. Upon his arrival to the FDC-Miami, Mr. Handal was also provided with a prison uniform and was never again provided with a change of clothes following his immediate placement in SHU.

**F. Other Continuity of Care Needs**

Mr. Handal also suffers from hypertension, chronic pain and fibromyalgia. He has thyroid nodules that are under medical watch, constipation, and prostate-cancer watch. Mr. Handal suffered from prostate cancer and was surgically treated.

**II. <u>SHU CONDITIONS</u>**

Apparently, for the foreseeable future, the Government has caused every defendant in this case, including Mr. Handal to be confined in the SHU for no reason other than to accommodate the Government's separation requests. Mr. Handal's detention in SHU serves no penological purpose particular to him and he has done nothing before or during his incarceration to justify his detention in the SHU. Mr. Handal's medical condition will be exacerbated if he is to remain in the SHU. As mentioned in this motion, he suffers from sleep apnea for which a CPAP machine was prescribed. He will be unable to use a CPAP machine as there are no electrical outlets in the cells. His respiratory issues will be further exacerbated due to the well-documented mold infestation in the building. There are no working showers and Mr. Handal had to use several water bottles to bathe himself. He has seen a doctor only twice despite repeatedly requesting to see one.

Pursuant to Local Rule 88.9, undersigned has conferred with Assistant United States Attorney Sean McLaughlin who advises that the Government takes no position and defers to BOP/USMS.

**WHEREFORE**, Mr. Handal, through undersigned counsel, respectfully requests that the Court enter an order directing the BOP to provide Mr. Handal with the medical care dictated by all his medical conditions as prescribed prior to his incarceration and to transfer him to general population.

Respectfully submitted,

**LAW OFFICES OF PAUL D. PETRUZZI, P.A.**
8101 Biscayne Blvd.
PH 701
Miami, FL 33138
Telephone: (305) 373-6773
Facsimile: (305) 373-3832
E-mail: petruzzi-law@msn.com

By: /s/ Paul D. Petruzzi
**PAUL D. PETRUZZI, ESQ.**
Florida Bar No. 982059

**LAW OFFICES OF PAUL D. PETRUZZI, P.A.**
8101 Biscayne Blvd.
PH 701
Miami, FL 33138
Telephone: (305) 373-6773
Facsimile: (305) 373-3832
E-mail: bvlaw@outlook.com

By: /s/ Beatriz D. Vazquez
**BEATRIZ D. VAZQUEZ, ESQ.**
Florida Bar No. 1002875

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14, 2026, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record.

By: /s/ Paul D. Petruzzi
**PAUL D. PETRUZZI, ESQ.**
Attorney for Defendant